This was an action of covenant, on a warranty contained in the deed by the intestate, in the County Court of Warren, and appeal to this court. The deed containing the warranty was dated the 25th of September, 1806. The first count in the declaration stated that the deceased, for and in consideration of $600, did give, grant, bargain, sell, and confirm to the plaintiff 400 acres of land, specifying the boundaries, and that he covenanted and agreed with the plaintiff, that he, his heirs, c, would for ever warrant and defend the said land to him, his heirs, c, with an averment that John Wright, the deceased, never had any right or title to the said land, bat that the land belonged to John Vining. Another count, in which it was averred that the land belonged to the State of Tennessee. And third count, stating a covenant, that the land was free *Page 386 
from the lawful claim of any person, with an averment that Thomas Wade had a right to the same. Plea, plene administravit, and issue. It was proved that the land was worth eight dollars an acre; that is $3,200 for the 400 acres. There were three valuable improvements on it. That Thomas Vining claimed the land under a title, and was in possession of part of it. That he had claimed it for three years. There were about thirty acres of cleared land on it, and at the three settlements, cabins of different kinds. There were no improvements on the land on the 25th September, 1806, when the deed was made.
The nature of warranty by the common law has been correctly stated by the defendants' counsel. In modern conveyancing, covenants have been substituted for warranties, as affording a remedy in practice more convenient and redress more complete. Modern conveyances usually contain four different covenants.
1st. That the seller is seised in fee.
2d. Has right to sell.
3d. The extent of the covenant, whether general or special. And 4th, for further assurance.
As to the measure of damages on contracts, the *Page 389 
cases in the English hooks fix the measure at the time of the breach, unless indeed there is fraud in the transaction, and then it is left with the jury to give higher if they think proper.[1] From the adjudged cases in the different States, which he bad been able to collect on this subject, it appeared that the English law was pursued in Massachusetts, New York, Pennsylvania, and Virginia. In fine, he never had been able to find an adjudged case from any report holding a different doctrine, except in Bay's South Carolina Reports, where a different rule seems to have obtained. In this State, it has been usual for juries under the acquiescence of the courts to assess damages for the value of land at the time of rendering their verdict. This has been clone on bonds for the conveyance of lands; and no instance is recollected where it was made a point and argued until of late; it is not recollected that any case has occurred of an action upon a covenant to warrant in a deed: in such a covenant, where there was no fraud in the seller, he believing he had a good title which should afterwards turn out otherwise, the jury should give in damages the original consideration, with interest, where it can be ascertained; and, where it cannot, the value of the land, with interest from the time of eviction, or, in the case of a covenant for a good title, from the date of the deed.[2] It is certainly sound policy in all free and good governments that as few impediments should be thrown in the way of the alienation of property, either real or personal, as possible. Safe and easy modes of alienation are great encouragements to industry and exertion, and, if sellers of uncultivated land, for a small consideration, are to be liable for its increase of value from improvements and otherwise, but few comparatively speaking would be found to sell. In the ordinary case of eviction on warranty, the opinion of Lord Kaims is, that the person recovering the land should pay for all improvements, after deducting the value of the use of the land; this principle seems conformable to justice and equity, and at once removes all complaints of hardship or injustice on the part of the purchaser; he will recover from the seller what he paid, with interest; and the value of his *Page 390 
improvements of the person recovering, who will reap the benefit of them. In the case before the Court, it is probable these principles will not apply, if the jury find that the deceased when be sold had no title to the land, it was a fraud to sell land he knew he had not any right to; and therefore the jury will give such damages as they think will make the plaintiff whole.
[1] See 3 Cr. 360; 1 Johns. 223; 2 Burr. 1110, 1111; Bull. N. P. 132; Add. 23; 2 Call, 95; Hardin, 41.
[2] See 1 Hen Mun. 202; 4 Dall. 441; 4 Johns. 1;2 Mass. 433, 455; 3 Mass. 512, 523; 4 Mass. 109; Hardin, 590. In relation to eviction on warranty it is held in3 Mass. 512, 523, that the measure of damages should be taken at the time of eviction.